# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07-CV-425-RJC-DCK

| | |
|---|---|
| WYMON GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| PROFESSIONAL POLICE & SECURITY ) | |
| SERVICE, ALMAMY CONAKRY, and ) | |
| FOOD LION, INC., STORE # 635, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Food Lion Incorporated, Store #635'S Motion to Dismiss..." (Document No. 6) filed December 20, 2007; "Purported Defendant Professional Police & Security Service's Motions To Dismiss" (Document No. 8) filed January 2, 2008; "Response to Defendant Answer, Memorandum, and Motion to Dismiss" (Document No. 9) filed January 7, 2008; and "Response To Defendant Professional Police & Security Service Pleadings" (Document No. 11) filed January 24, 2008. Defendants have not filed replies to either of Plaintiff's responses.[1] This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for review.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions to dismiss be <u>granted</u>.

---

[1] Local Rule 7.1(E) provides: "A reply to the response to a motion, if any, shall be filed within seven(7) days.... The filing of a reply brief is not mandatory. . . . If the party making the motion does not wish to file a reply brief, it must so inform the Court and opposing counsel promptly in an electronically filed notice."

## I. FACTUAL AND PROCEDURAL BACKGROUND

Wymon Griffin ("Plaintiff") alleges in his "Complaint" (Document No. 1) that he "was discriminated against on October 5, 2005 at about 7:00 p.m., while . . . shopping groceries at Food Lion Store # 635," in Charlotte, North Carolina, when he "was assaulted, battered, and held at gun point while being forced from the store." (Document No. 1 at 3). Plaintiff, who is appearing *pro se*, further alleges that the incident caused physical injury to his neck, mental scarring, and that he suffered public ridicule. The Complaint names Professional Police & Security Service ("PPSS"), its employee Almamy Conakry, and Food Lion Inc., Store #635 ("Food Lion") as Defendants. Plaintiff asserts jurisdiction pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and Public Law § 88-352. He prays for relief in excess of $3,000,000.00.

According to Defendant Food Lion, Plaintiff was advised by a security person that he would have to leave, and he was then escorted to the front of the store. (Document No. 6-3 at 2). Food Lion contends Plaintiff then contacted the police, complained that he had been assaulted, and took out criminal charges against the security guard. The criminal charges were later dismissed. Id.

Defendant PPSS's version of the facts reports that it entered into an agreement with Food Lion in February 2005 to provide uniformed security guards at various Food Lion grocery stores around Charlotte. (Document No. 8-2 at 2). PPSS acknowledges that Plaintiff was removed from a Food Lion store by Defendant Conakry, who was then employed by PPSS as a private security guard. Id. According to PPSS, Conakry was not carrying a gun at the time of the incident, but did carry a taser. PPSS contends that Plaintiff has not alleged, nor is there any evidence to the effect, that Conakry ever used a taser on or around Plaintiff. Id.

Defendants Food Lion and PPSS each filed motions to dismiss in response to Plaintiff's

Complaint pursuant to various provisions of Rule 12(b) of the Federal Rules of Civil Procedure. Defendant Conakry has not appeared in this matter and the record indicates that his summons was returned by the U.S. Marshals as unexecuted due to an invalid address.

## II. STANDARD OF REVIEW

A motion to dismiss tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). As recently explained by the Supreme Court:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, ... [f]actual allegations must be enough to raise a right to relief above the speculative level....

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). The Court went on to hold that "[o]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. The Supreme Court also added in another recent decision that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations

3

in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

In addition to viewing the Plaintiff's Complaint in the most favorable light, the Court also must allow some extra consideration for a *pro se* Plaintiff. The courts traditionally hold pleadings by *pro se* parties "to less stringent standards than formal pleadings drafted by lawyers...." Haines v. Kerner, 404 U.S. 519, 520 (1972). The Fourth Circuit specifically recognizes that "we must construe pro se complaints liberally." Laber v. Harvey, 438 F.3d 404 (4th Cir. 2006) citing Hemphill v. Melton, 551 F.2d 589, 590-91 (4th Cir. 1977). Therefore the undersigned will interpret the Plaintiff's papers "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2nd Cir. 1994).

In applying Haines, the Fourth Circuit Court of Appeals stated:

> [The Court] takes the position that its district courts must be especially solicitous of civil rights plaintiffs. This solicitude for a civil rights plaintiff with counsel must be heightened when a civil rights plaintiff appears pro se. In the great run of pro se cases, the issues are faintly articulated and often only dimly perceived. There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done. So, although the Court of Appeals cannot mean that it expects the district courts to assume the role of advocate for the pro se plaintiff ... [it] strongly suggest[s] that the district court must examine the pro se complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could very well provide a basis for recovery under any of the civil rights acts ... in the federal arsenal for redress of constitutional deprivations. Accordingly, the Court in considering the defendants' motion to dismiss will not permit technical pleading requirements to

4

> defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed.

Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (emphasis added) (internal citation omitted).

However, even liberally construing this *pro se* Plaintiff's Complaint, as we must, the undersigned must respectfully recommend that the motions to dismiss be granted due to the Complaint's insufficient legal basis.

First, Defendants Food Lion and PPSS both make arguments for dismissal centered on insufficiency of process. Each contends that Plaintiff's misidentification of the parties somehow invalidates his claims. Apparently, Plaintiff identified Food Lion as - Food Lion Incorporated, Store #635 – instead of Food Lion, LLC. He also allegedly misnamed Professional Police & Security Service(s) as Professional Police & Security Service. These distinctions are trivial, especially in the context of a filing by a *pro se* Plaintiff; "the Court in considering the defendants' motion to dismiss will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed." Leeke, 574 F.2d at 1151. The undersigned will not recommend dismissal based on the alleged minor misidentification of the Defendants.

Next, Defendants each make arguments for dismissal under Fed.R.Civ.P. 12(b)(6). The undersigned finds these arguments more persuasive. Plaintiff's Complaint is filed pursuant to jurisdiction under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, and he specifically indicated that each defendant was "acting under the authority or color of state law at the time these claims occurred." (Document No. 1).

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." Lance v. Brewer, No. 2:07-365-SB-BM, 2007 WL 1219636 at *1 (D.S.C. April 24, 2007) citing West v. Atkins, 487 U.S. 42, 48 (1988). Courts have described the "under color of state law" element of a claim as requiring "that 'the conduct allegedly causing the deprivation [of plaintiff's rights] be fairly attributable to the State.'" Id. citing Conner v. Donnelly, 42 F.3d 220, 223 (4th Cir. 1994) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

Turning to the case at hand, the Defendants here are a grocery store and a private security company and its employee. Plaintiff's only allegation arguably linking Defendants to action under color of state law is that Food Lion "is a public store legally authorized to vend or market food and grocery items." Thus, the question posed is whether on these facts it can be fairly said that a sufficient state action has occurred. The undersigned concludes it cannot.

The Fourth Circuit has articulated three situations in which conduct by a private entity could be classified as a "state action":

> First, a private party that is regulated by the state acts under color of state law where there is a "sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Second, a private party acts under color of state law where the state, through extensive regulation of the private party, has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state. Finally, a private party acts under color of state law where "the private entity has exercised powers that are 'traditionally the exclusive prerogative of the state.'"

Conner v. Donnelly, 220 F.3d at 224 (internal citations omitted). Liberally construing the third situation, one might argue that the private security entity may have exercised powers that are traditionally the prerogative of the state; however, a recent decision by the Fourth Circuit clarifies this point and suggests not.

6

> In the context of constitutional claims under 42 U.S.C. § 1983, which expressly applies to individuals acting "under color of" state law, courts have recognized the need to limit the liability of private persons through application of the "state action" doctrine. Under this doctrine, we "insist [ ]" as a prerequisite to liability "that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." By doing so, we maintain the Bill of Rights as a shield that protects private citizens from the excesses of government, rather than a sword that they may use to impose liability upon one another.

Holley v. Scott, 434 F.3d 287, 291-92 (4th Cir. 2006). Even accepting the Plaintiff's version of the facts as true, the undersigned cannot find that any of these Defendants engaged in an action fairly attributable to the state.

Presumably, Plaintiff brings his 42 U.S.C. § 1985 claim pursuant to provision (3) and asserts a conspiracy to deprive him of "equal access." Giving Plaintiff the benefit of the doubt that equal access to a grocery store could be a viable claim, we examine the criteria for a 1985 action. To establish a cause of action under 1985(3), a plaintiff must allege: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. Poston v. Shappert, 5:06-CV-142-MU, 2006 WL 3479339 at * 1 (W.D.N.C. November 30, 2006) citing Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir.1995). "[T]he law is well settled that to prove a 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." Id. "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

Plaintiff here has made no allegations of conspiracy. Furthermore, other than claiming he was "discriminated against," Plaintiff has not suggested any racial, class-based, or other discriminatory animus. For purposes of Rule 12, the Plaintiff has failed to make a legally sufficient claim against the two institutional defendants, even when every benefit of the doubt is resolved in his favor. The undersigned will therefore recommend that both of Plaintiff's claims under federal statutes be dismissed for failure to state a claim upon which relief can be granted by this Court.

Finally, Plaintiff also asserts a claim against Alamy Conakry individually for "assaulting, battering, and pointing a dangerous weapon (gun)." (Document No. 1 at 3). The Court notes several problems with this claim. First, the U.S. Marshals have attempted but been unable to execute process on Mr. Conakry at the address provided by Plaintiff. Second, the Court notes that even if Mr. Conakry had been served, Plaintiff has not claimed or indicated diversity of citizenship between himself and Mr. Conakry, or any other Defendant. All indications thus far in this litigation support a finding that all the parties are located in Charlotte, North Carolina. This Court is not inclined to exercise supplemental jurisdiction over Plaintiff's state law claims against Mr. Conakry – even if he appears in this matter – where there is no remaining federal question and no diversity. Therefore, the undersigned will recommend that Plaintiff's claims against Defendant Conakry also be dismissed due to an insufficient showing of the requisite diversity of citizenship pursuant to 28 U.S.C. § 1332.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant Food Lion Incorporated, Store #635'S Motion to Dismiss..." (Document No. 6) and "Purported Defendant Professional Police & Security Service's Motions To Dismiss" (Document No. 8) be **GRANTED** and that Plaintiff's claims be dismissed.

**IT IS FURTHER RECOMMENDED** that the "Motion To Quash Subpoena And Motion For Protective Order" (Document No. 10) and the "Motion To Quash Subpoena And Motion For Protective Order" (Document No. 12) be **DENIED AS MOOT**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this memorandum must be filed within ten (10) days after service of same. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: February 21, 2008

David C. Keesler
United States Magistrate Judge